NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CARY D. SYCKS, as Personal Representative of the ESTATE of LILA L. SYCKS; AARON P. SYCKS, as Personal Representative of the ESTATE OF VERNON D. SYCKS, | No. 25-333 |
| Plaintiffs - Appellants, | D.C. No. 3:22-cv-00010-SLG |
| v. | MEMORANDUM* |
| TRANSAMERICA LIFE INSURANCE COMPANY; BANKERS UNITED LIFE ASSURANCE COMPANY, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Argued and Submitted April 13, 2026
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Plaintiffs-Appellants Cary and Aaron Sycks ("Plaintiffs"), as personal

representatives of the estates of Lila and Vernon Sycks, appeal the district court's

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

grant of summary judgment in favor of Defendant-Appellee Transamerica Life Insurance Company on Plaintiffs' claims for declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *Davis v. United States*, 854 F.3d 594, 598 (9th Cir. 2017). We reverse the district court's grant of summary judgment on Plaintiffs' claims for declaratory relief and breach of contract, and remand for further proceedings on Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and for negligent misrepresentation.

1. Under Alaska law, insurance policies are interpreted to vindicate the "objectively reasonable expectations of applicants and intended beneficiaries … even though painstaking study of the policy provisions would have negated those expectations" and even when the insurer presents a reasonable interpretation that conflicts with the insured's. *Est. of Wheeler v. Garrison Prop. & Cas. Ins. Co.*, 564 P.3d 611, 617 (Alaska 2025) (quoting *C.P. ex rel. M.L. v. Allstate Ins. Co.*, 996 P.2d 1216, 1222 (Alaska 2000)). To ascertain what an insured would reasonably expect, Alaska courts "look to the language of the disputed policy provisions, the language of other provisions of the insurance policy, relevant extrinsic evidence, and case law interpreting similar provisions." *Id.* (quoting *C.P. ex rel. M.L.*, 996 P.2d at 1223). Ambiguities are "construed in favor of the insured."

25-333

*Hahn v. GEICO Choice Ins. Co.*, 420 P.3d 1160, 1171 (Alaska 2018).

The reference to a "Maximum Total Premium" of $50,000 on the Policy Specifications page could be reasonably understood to suggest that only the initial $50,000 payment would be required. So could the insurance application incorporated into the policy, which references a "Scheduled Modal Premium" of "$50,000," a "Number of years to be paid" of "1," and a "Paid-Up Age" of "95," and which leaves unchecked the boxes for other premium types. *See* Alaska Stat. § 21.42.230 (treating an insurance application incorporated into a policy as relevant in interpreting the policy). Based on those provisions, the insureds' belief that paying $50,000 upfront would suffice to maintain the policy to maturity was objectively reasonable.

The only support for a contrary reading—that the policy might lapse early or that extra premiums might be required—is buried in the Grace Period provision on the policy's eighth page. Wrapping one's head around the provision requires tracking down the opaquely worded definitions of terms used in the Grace Period provision: "Monthly Deduction" and "Policy Value," not to be confused with the myriad similar terms used in the policy, such as "Cash Value," "Net Cash Value," or "Policy Benefit." That sort of "painstaking study of the policy provisions," *Est. of Wheeler*, 564 P.3d at 617, is insufficient to undermine Plaintiffs' reasonable expectation, based on the Policy Specifications and the insurance application, that

25-333

only the initial $50,000 premium would be required to keep the policy in force. And even once an insured follows the chain of definitions to its conclusion, it's not clear why the Grace Period provision would trump the conflicting Policy Specifications and insurance application.

Even assuming, without deciding, that the sales illustration signed a month later became part of the insurance contract and supports Defendants' interpretation, the policy is at most ambiguous because the sales illustration conflicts with the policy text and the insurance application. Construing ambiguity in favor of the insured, *Hahn*, 420 P.3d at 1173, Plaintiffs' interpretation governs.

*Downing v. Country Life Insurance Co.*, 473 P.3d 699 (Alaska 2020), is distinguishable and therefore fails to undermine Plaintiffs' interpretation. Plaintiffs here rely on more than just a single misleading term taken out of context, *see id.* at 704–05: they point to the "Maximum Total Premium" language and multiple features of the insurance application. And unlike the policy in *Downing*, the policy here does not contain a table undermining Plaintiffs' reading, and there is no indication that an insurance agent expressly articulated the company's interpretation to the insured prior to selling the policy. *See id.* at 702, 705–06.

2. The district court's analysis of Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and for negligent misrepresentation was premised on the district court's interpretation of the contract. Because that

25-333

interpretation was erroneous, we also remand for further consideration of Plaintiffs'

claims for breach of the implied covenant of good faith and fair dealing and for

negligent misrepresentation.

**REVERSED and REMANDED.**[1]

---

[1] Plaintiffs' motion for certification to the Alaska Supreme Court (Dkt. 16) is denied.